IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

ROBERT COLEMAN,

Defendant.

CIVIL ACTION NO.
1:17-CR-0318-LMM-RGV

## **ORDER**

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [44], recommending that this Court deny Defendant Coleman's Motion to Suppress [19]. Pursuant to 28 U.S.C. § 636(b)(1), Defendant filed objections to the R&R [56]. The facts and procedural history of this case are set forth in the R&R and are fully incorporated herein by reference.[1] After due consideration, the Court enters the following Order.

### **I.  LEGAL STANDARD**

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's R&R for clear error if no objections are filed. 28 U.S.C. § 636(b)(1). If a party files

---

[1] As there were no factual objections, the facts as set forth in the R&R are hereby adopted.

objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; Fed. R. Crim. P. 59(b)(3). As Defendant filed objections to the R&R, the Court reviews the Magistrate Judge's findings and recommendations regarding these conclusions on a *de novo* basis. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Defendant objects to the Magistrate Judge's conclusion that Coleman's pre-Miranda statements were "'routine biographical information' that were permissible and not interrogation subject to Miranda." Obj., Dkt. No. [56] at 2. Specifically, Defendant objects that the agents' questions regarding Defendant's "street name" and why Defendant had given the first officer a different address were designed to elicit incriminating information. Id.

After listening to the taped interview, the Court agrees with the Magistrate Judge that the agents asked routine biographical questions and **ADOPTS** the R&R. First, as to the street name, the Court finds that this is classic biographical information, which was used to obtain Defendant's identity. Second, contrary to Defendant's contention, Agent DeGennaro did not ask *why* Defendant provided a different address to another agent, which arguably could be incriminating. The agents' actual address-related questions were:

- "Coleman, you told our other agent you had another address. What was that?"

- "Okay, so what was that [address]?"

2

- "And what apartment [number]?"
- "Who lives [at the other location], do you still live there or do you have people that live there?"

Gov't Ex. 2 at 2:12-49. The Court does not find that these questions were reasonably likely to elicit incriminating information. Agent DeGennaro merely asked Defendant to provide him the other address that Defendant had just provided to another agent. See United States v. Durr, 09-CR-6232L, 2010 WL 3199887, at *8 (W.D.N.Y. July 22, 2010), report and recommendation adopted, 09-CR-6232L, 2010 WL 3219369 (W.D.N.Y. Aug. 11, 2010) ("Law enforcement agents may ask clarifying or follow-up questions under the pedigree exception where 'the officer perceives—either through direct observation or otherwise—that a specific piece of information provided by the arrestee is patently incorrect.'"). That Defendant offered any explanation for why he provided two different addresses plainly exceeded the questioning's scope, which only asked for the other address. Thus, the Court **OVERRULES** Defendant's Objections.

### III. CONCLUSION

In accordance with the foregoing, the Court **ADOPTS** the Magistrate Judge's R&R [44]. Defendant Coleman's Motion to Suppress [19] is **DENIED**.

The trial in this action is hereby set to begin on Tuesday, October 9, 2018 at 9:30 A.M. in Courtroom 2107. The pretrial conference will be held on Wednesday, September 26, 2018 at 2:00 P.M. in Courtroom 2107. By noon on Wednesday, September 12, 2018, the parties are to file the following: motions *in*

3

*limine* and proposed *voir dire* questions. By noon on Wednesday, May 9, 2018, the Government must file a brief summary of the indictment that the parties can rely on for *voir dire*. By noon on Monday, September 24, 2018, the parties are to file responses to motions *in limine* and any objections and to those items listed above.

Excludable time is allowed through October 9, 2018, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

**IT IS SO ORDERED** this 9th day of August, 2018.

_____
**Leigh Martin May**
**United States District Judge**